Collin Seals (SBN 249534)
**THE LAW OFFICES OF COLLIN SEALS**
790 E. Colorado Blvd., Suite 900
Pasadena, California  91101
Telephone:  626.240.0632
Facsimile:       626.240.0700
Email: collin.seals@seals-law.com

Joseph F. Hart (SBN 85056)
LAW OFFICES OF JOSEPH F. HART
433 North Camden Drive, Suite 600
Beverly Hills, CA  90210-4416
Tel:  310.274.7157
Fax:  310.331.8779
E-mail:  joe@joehartlegal.com

Attorneys for Plaintiffs
ALEXANDER DALLAL and CLAIRE DALLAL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, CENTRAL DIVISION

| | |
|---|---|
| LINCOLN BENEFIT LIFE COMPANY, a Nebraska Corporation, <br><br> Plaintiff, <br><br> v. <br><br> ALEXANDER DALLAL, an individual; CLAIRE DALLAL, an individual; and DOES 1 through 10, Inclusive, <br><br> Defendants. | Case No.  2:16-cv-9307 MWF (Ex) <br><br> **[PROPOSED] FINDINGS OF FACT BY DEFENDANTS ALEX DALLAL AND CLAIRE DALLAL** <br><br> **Trial (Held):** <br> Date:  July 31 – August 13, 2018 <br> Time:  8:30 a.m. <br> Ctrm:  5A |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

At the Court's request, Defendants Alexander Dallal and Claire Dallal hereby submit the following (Proposed) Findings of Fact to supplement its objections to Plaintiff's (Proposed) Findings of Fact and Conclusions of Law, as well as Defendants' concurrently-filed Proposed Conclusions of Law, for the Court's use in considering Plaintiff's First and Third Claims for Relief in the First Amended Complaint.  To the extent any findings of fact are incorporated within Defendants'

concurrently-filed Proposed Conclusions of Law, they shall be deemed findings of fact. To the extent that any conclusions of law are incorporated herein, they shall be deemed conclusions of law.

## [DEFENDANTS' PROPOSED] FINDINGS OF FACT

1. Claire Dallal and Alexander Dallal are both covered by Plaintiff Lincoln Benefit Life Company's Comprehensive Long Term Care Insurance Policy LB-6302-P-2-CA(Q), with Compound Benefit Increase Rider LB-6301-R4-2-CA, issued as Policy No. 10-700137639W (the "Policy"). Trial Exhibit ("TE") 301 at p. 301-03.

2. The Policy was issued effective August 20, 2003. TE 301 at p. 301-03.

3. Claire Dallal and Alexander Dallal were required to separately qualify for benefits under the Policy. TE 301, at p. 301-15 ("All benefit amounts and maximums as described in the policy are available to each of you separately. Each of you must separately qualify for the benefits as described in the policy.")

4. Under the terms of the Policy, if either Claire Dallal or Alexander Dallal dies, the other may continue to receive benefits under the Policy at a lower premium rate. TE 301 at p. 301-15.

5. Claire Dallal and Alexander Dallal are treated as separate insureds under the Policy. TE 301 at p. 301-15, 301-16.

6. The Policy is "guaranteed renewable for life." TE 301 at p. 301-01.

7. The Policy contains no provision authorizing cancellation of the Policy on the basis of fraud in a claim for benefits. TE 301 generally, and 301-10, 301-16.

8. The Policy contains no provision authorizing cancellation of the Policy on the basis of misrepresentation related to a claim for benefits. TE 301 at p. 301-10, 301-16.

9. The Policy contains no provision authorizing cancellation of the Policy as it relates to any single insured, on the basis of fraud relating to a claim for benefits by a separate insured. TE 301 at p. 301-10, 301-16.

10. The Policy contains no provision authorizing cancellation of the Policy as it relates to any single insured, on the basis of misrepresentations relating to a claim for benefits by a separate insured. TE 301 at p. 301-10, 301-16.

11. All purportedly fraudulent claims for benefits in this litigation relate to claims for the care and treatment of Alex Dallal. TE 349; TE 160; Dkt. No. 51 at ¶¶ 11, 23, 24, 28-33, 41-44, 47, 50-52, 56, 60, 61, 70 (referring solely to Mr. Dallal's care and treatment, and monies paid for such treatment).

12. Plaintiff Lincoln Benefit has not alleged any fraud in relation to any claims made pertaining to Claire Dallal's coverage, or treatment of Claire Dallal, under the Policy. TE 349; TE 160; Dkt. No. 51 at ¶¶ 11, 23, 24, 28-33, 41-44, 47, 50-52, 56, 60, 61, 70 (referring solely to Mr. Dallal's care and treatment, and monies paid for such treatment).

13. The jury did not find any fraud in relation to Claire Dallal's portion of the Policy, or claims made regarding her coverage under the Policy. Dkt. No. 172.

14. Plaintiff Lincoln Benefit has not alleged any misrepresentations in relation to Claire Dallal's portion of the Policy, or claims made regarding her coverage under the Policy. TE 349; TE 160; Dkt. No. 51 at ¶¶ 11, 23, 24, 28-33, 41-44, 47, 50-52, 56, 60, 61, 70 (referring solely to Mr. Dallal's care and treatment, and monies paid for such treatment).

15. The jury did not find any misrepresentations in relation to Claire Dallal's portion of the Policy, or claims made regarding her coverage under the Policy. Dkt. No. 172.

16. The Policy has an "unlimited" payment amount pursuant to its schedule. TE 301 at pp. 301-03, and 301-10 at "D – Policy Termination."

17. Defendants have not requested Plaintiff cancel the Policy. TE 301 at p. 301-10, at "D – Policy Termination," and 301-16.

18. Alexander Dallal is alive. TE 301 at pp. 301-10, 301-15, and 301-16.

19. Claire Dallal is alive. TE 301 at pp. 301-10, 301-15, and 301-16.

20. Between 2004 and 2016, Plaintiff paid $761,225.89 pursuant to claims made under Alexander Dallal's portion of the Policy.  TE 349.

21. Plaintiff paid out $761,225.89 between 2004 and 2016 because the claims were made for care falling under and/or within the scope of Alexander Dallal's coverage under the Policy.  Dkt. No. 189-1 at ¶¶ 45-46; Norman Seeman Trial Transcript ("TT") at 1069:25-1070:7; Meg Sarkisian TT at 236:7-17; Claire Dallal TT at 351:12-16; TE 349 at p. 349-01.

22. The jury decided Alexander Dallal received $619,290.49 to which he was not entitled under the Policy. Dkt. No. 172 at Question 8 and response thereto; Dkt. No. 168 at p. 22, Jury Instruction No. 21.

23. Plaintiff began its investigation of Mr. Dallal based on Dr. Joy Feld's 2016 APS form, because that form indicated Mr. Dallal needed less care than the previous year.  TE 197; Dkt. No. 189-1 at Proposed Finding of Fact No. 115; Seeman TT at 1075:2-22 and 1185:15-1186:16; Sarkisian TT at 242:19-244:23.

24. Dr. Feld's APS reports from earlier years also indicated that Mr. Dallal needed less care than the previous year.  TE 190; TE 191; Feld Depo at 76:25, 77:1-19, 92:14-25, 93:1-3, 93:21-25, 95:13-22, 101:1-25, 102:1-4, 103:20-25, 104:1-21, 147:12-25, 160:14-25, 190:1-21, 211:19-25, 212:1-4, 223:2-14, 237:19-25, 238:1-8, 273:13-22;  Seeman TT at 1167:8-1171:4.

25. Beginning in 2009, Plaintiff knew it was providing reimbursement for the care of Alexander Dallal based on claims that single caregiver was working at least 80 hours per week, every week of the year.  Seeman TT at 1152:13-16.

26. Pursuant to the Policy, Plaintiff had the right to demand assessments of Mr. Dallal, as often as necessary, in order to determine whether the claims regarding Mr. Dallal's care were accurate.  TE 301 at 301-11, Part 6(H); Seeman TT at 1145:17-1147:13.

27. From 2005 to 2014, Plaintiff did not require Mr. Dallal undergo a nurse or physician assessment pursuant to its rights under the Policy. Seeman TT at 1145:17-1147:13.

Dated: _____, 2018

HON. MICHAEL W. FITZGERALD
United States District Court Judge