Collin Seals (SBN 249534)
**THE LAW OFFICES OF COLLIN SEALS**
790 E. Colorado Blvd., Suite 900
Pasadena, California  91101
Telephone:  626.240.0632
Facsimile:      626.240.0700
Email: collin.seals@seals-law.com

Joseph F. Hart (SBN 85056)
LAW OFFICES OF JOSEPH F. HART
433 North Camden Drive, Suite 600
Beverly Hills, CA  90210-4416
Tel:  310.274.7157
Fax:  310.331.8779
E-mail:  joe@joehartlegal.com

Attorneys for Plaintiffs
ALEXANDER DALLAL and CLAIRE DALLAL

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, CENTRAL DIVISION

| | |
|---|---|
| LINCOLN BENEFIT LIFE COMPANY, a Nebraska Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER DALLAL, an individual; CLAIRE DALLAL, an individual; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.  2:16-cv-9307 MWF (Ex)<br><br>**[PROPOSED] CONCLUSIONS OF LAW BY DEFENDANTS ALEX DALLAL AND CLAIRE DALLAL**<br><br>**Trial (Held):**<br>Date:  July 31 – August 13, 2018<br>Time:  8:30 a.m.<br>Ctrm:  5A |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

At the Court's request, Defendants Alexander Dallal and Claire Dallal hereby

submit (Proposed) Conclusions of Law for the Court's use in considering Plaintiff's

First and Third Claims for Relief in the First Amended Complaint.  These

(Proposed) Conclusions of Law supplements Defendants' concurrently-filed

Objections and Responses to Plaintiff's (Proposed) Findings of Fact and

Conclusions of Law, and Defendants' concurrently-filed Additional (Proposed)

Findings of Fact.  To the extent any conclusions of law are incorporated within Defendants' concurrently-filed Additional (Proposed) Findings of Fact, they shall be deemed conclusions of law. To the extent any findings of fact are incorporated herein, they shall be deemed findings of fact.

1

## **TABLE OF CONTENTS**

I. PLAINTIFF IS NOT ENTITLED TO JUDGMENT ON ITS THIRD CLAIM

FOR RELIEF.................................................................................1

A. *The Policy is Two Separate Policies, Covering Each Defendant Individually* 1

B. *The Remedy Plaintiff Seeks is Not Allowed by Statute or the Policy*................2

  1. The remedy Plaintiff seeks is not available under

    Cal. Code of Civil Procedure § 3412 ...........................................4

  2.  Plaintiff misconstrues its burden based on its own cited authority ..............6

  3. The remedy Plaintiff seeks is not available under

    Cal. Civil Code § 1689 ....................................................8

  4. The remedy Plaintiff seeks is not available under

    Cal. Insurance Code § 359 ....................................................9

  5.  Plaintiff's cited case law does not support cancellation of

    Claire Dallal's policy ....................................................11

C. *Conclusions of Law: Plaintiff's Third Claim For Relief* ................11

II.  PLAINTIFF IS NOT ENTITLED TO JUDGMENT ON ITS FIRST CLAIM

FOR RELIEF .............................................................................12

A. *Plaintiff Misstates Defendant's Burden* ........................................12

B. *Plaintiff Fails to Meet Its Own Burden* ........................................13

C. *Conclusions of Law: Plaintiff's First Claim for Relief* ................17

- iii -

**[PROPOSED] CONCLUSIONS OF LAW**

# TABLE OF AUTHORITIES

## Cases

*Alfaro v. Cmty. Hous. Improvement Sys. & Planning Assn., Inc.* (2009)
   171 Cal. App. 4th 1356 .......................................................................15

*American General Life & Accident Insurance Company v. Findley,*
   2013 WL 1120662 (C.D. Cal. Mar. 15, 2013) ......................................10

*Barrera v. State Farm Mut.* (1969) 71 Cal.2d 659 ..........................................2

*Boeken v. Philip Morris, Inc*. (2005) 127 Cal.App.4th 1640 ...................................15

*Choi v. Sagemark Consulting* (2017) 18 Cal. App. 5th 308................................5-6

*City etc. of San Francisco v. City Inv. Corp.* (1971) 15 Cal. App. 3d 1031 .............6

*Coca Cola Bottling Co. of San Diego v. Columbia Cas. Ins. Co.* (1992)
   11 Cal.App.4th 1176 ...............................................................1, 2, 8

*Compass Bank v. Petersen*, 886 F.Supp.2d 1186 (C.D. Cal. 2012) ..........................4

*Corrigan v. Stiltz* (1965) 233 Cal.App.2d 381 ....................................................5, 6

*Doe v. Roman Catholic Bishop of Sacramento* (2010) 189 Cal.App.4th 1423........14

*Essex Ins. Co. v. Hartford Fire Ins. Co.*,
   2013 WL 3389549 (C.D. Cal. 2013)...................................................11

*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797................................14

*Glos v. McBride* (1920) 47 Cal. App. 688.........................................................8

*Grisham v. Phillip Morris U.S.A., Inc*. (2007) 40 Cal.4th 623 ...............................15

*Imperial Casualty & Indemnity Co. v. Sogomonian* (1988) 198 Cal.App.3d 169 .....3

*In re Marriage of Dancy* (2000) 82 Cal. App. 4th 1142 .........................................6

*Johnson v. PNC Mortgage*, 80 F.Supp.3d 980 (N.D. Cal. 2015)............................5

*Kline v. Turner* (2001) 87 Cal.App.4th 1369 ....................................................14

*Lewis v. Tobias* (1858) 10 Cal. 574 ................................................................4

*Lin v. Lin*, 2008 WL 4369771 (D. Haw. 2008) ................................................14

*M.F. Farming Co. v. Couch Distributing Co., Inc*. (2012) 207 Cal.App.4th 180......5

*Miller v. Bechtel Corp.* (1983) 33 Cal.3d 868.................................................15

**[PROPOSED] CONCLUSIONS OF LAW**

*Moore v. Moore* (1880) 56 Cal. 89 ...................................................................... 4

*Nmsbpcsldhb v. Cty. of Fresno* (2007) 152 Cal. App. 4th 954 ................................. 3

*Robuck v. Dean Witter & Co.*, 649 F.2d 641 (9th Cir. 1980)................................. 14

*Rouse v. Underwood* (1966) 242 Cal. App. 2d 316 ................................................. 6

*Rutherford v. Rideout Bank* (1938) 11 Cal.2d 479 ................................................ 15

*Sampson v. Century Indem. Co.* (1937) 8 Cal. 2d 476 ........................................... 3

*Samuels v. Mix* (1999) 22 Cal.4th 1................................................................... 15

*Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808 ................... 5

*Seeley v. Combs* (1966) 65 Cal. 2d 127 ............................................................... 6

*Shaffer v. Security Trust & Savings Bank* (1935) 4 Cal.App.2d 707 ..................... 5

*Spott Electrical Co. v. Industrial Indem. Co.* (1973) 30 Cal.App.3d 797 ................. 3

*Sun'n Sand, Inc. v. United California Bank* (1978) 21 Cal.3d 671 ........................ 14

*Turner v. Turner* (1959) 167 Cal.App.2d 636 ................................................... 6, 7

*Twin City Fire Ins. Co. v. Mitsubishi Motor Credit of Am., Inc.*,
   2006 WL 5164189 (C.D. Cal. 2006)................................................................ 10

*Twomey v. Mitchum, Jones & Templeton, Inc.* (1968) 262 Cal. App. 2d 690 .......... 6

*U.S. Bank National Assn. v. Naifeh* (2016) 1 Cal.App.5th 767......................... 5, 6, 7

*Upton v. Archer* (1871) 41 Cal. 85 ..................................................................... 4

*Watts v. Farmers Ins. Exch.* (2002) 98 Cal. App. 4th 1246 .................................. 11

*Yakov v. Bd. of Med. Examiners* (1968) 68 Cal. 2d 67 .......................................... 5

**Statutes**

Cal. Code Civ. Proc. § 338(d) ....................................................................... 14, 17

Cal. Ins. Code § 351 .................................................................................... 9, 10

Cal. Ins. Code § 361 .................................................................................... 9, 10

California Civil Code § 1689........................................................................... 8

California Insurance Code § 359 .................................................................. 9, 10

Code of Civil Procedure § 3412 ....................................................................... 4

1

**<u>Treatises</u>**

H. Walter Croskey, *et al.*, *California Practice Guide: Insurance Litigation*, § 5:152

(Aug. 2017) ..........................................................................................2, 8

The Law Offices of
Collin Seals

**[PROPOSED] CONCLUSIONS OF LAW**

**[DEFENDANTS' PROPOSED] CONCLUSIONS OF LAW**

1.      Lincoln Benefit is not entitled to judgment on its First and Third Causes of Action within its First Amended Complaint.

## I.      PLAINTIFF IS NOT ENTITLED TO JUDGMENT ON ITS THIRD CLAIM FOR RELIEF

2.      Plaintiff is not entitled to judgment on its Third Claim for Relief to void the Long Term Care policy it issued to Defendants Alexander ("Alex") Dallal and Claire Dallal (the "Policy"), as it fails to identify the facts entitling it to such a drastic response.  Even if Plaintiff were entitled to void, rescind, or cancel the Policy as it relates to Mr. Dallal's benefits, Claire Dallal would still be entitled to remain as an insured.

### A.      *The Policy is Two Separate Policies, Covering Each Defendant Individually*

3.      As a matter of law, the Policy issued to Alex and Claire Dallal is in reality two separate policies — one covering Mr. Dallal, and one covering Claire Dallal.  As such, misrepresentations made regarding one party do not justify rescission of the other party's policy.  *Coca Cola Bottling Co. of San Diego v. Columbia Cas. Ins. Co.* (1992) 11 Cal.App.4th 1176, 1188-1189.  Factors justifying treating the Policy as two separate policies include:

- The fact that by the terms of the Policy, Alex and Claire Dallal were rated separately as risks in calculating the premium charged.  Trial Exhibit ("TE") 301, at "Joint Coverage Endorsement," p. 301-15 ("All benefit amounts and maximums as described in the policy are available to each of you separately.  Each of you must separately qualify for the benefits as described in the policy.")

- If one insured dies, the other may continue the Policy at a lower rate. *Id.* ("If one of you dies . . . coverage continues for the surviving insured at the premium rate that would have been charged for an individual policy at the original issue age and risk class of the surviving insured")' *see also*, 301-16.  In other words, the premium charged under the Policy is the combination of two individual premium calculations.

- The alleged misrepresentations are *only* material to Alex Dallal's coverage.  They relate only to Alex Dallal's condition and treatment, based on claims submitted on Alex Dallal's behalf.  *Coca Cola Bottling Co. of San Diego, supra* 11 Cal.App.4th at 1188-1189; H. Walter Croskey, *et al.*, *California Practice Guide: Insurance Litigation*, § 5:152 (Aug. 2017).

## B.   *The Remedy Plaintiff Seeks is Not Allowed by Statute or the Policy*

4.      Plaintiff does not identify any statute, regulation, or rule authorizing the remedy it seeks — specifically: "The entire Policy, including [Claire Dallal's] joint policy, should therefore be voided from the time that the fraud began."  Dkt. No. 51 at ¶ 67.  Plaintiff instead relies on statutes and case law supporting *other* types of remedies in other types of cases.  In doing so, Plaintiff treats "rescission," "cancellation," and "voiding" as interchangeable terms, in an effort to make its citations appear more applicable.

5.      Rescission" is a "retroactive termination" of a contract, as compared to "cancellation," which is a "prospective termination."  *Barrera v. State Farm Mut.* (1969) 71 Cal.2d 659, 663, fn. 3. "The consequence of rescission is not only the termination of further liability, but also the restoration of the parties to their former positions *by requiring each to return whatever consideration has been*

1   *received*." *Imperial Casualty & Indemnity Co. v. Sogomonian* (1988) 198

2   Cal.App.3d 169, 184 (emphasis added); *Nmsbpcsldhb v. Cty. of Fresno* (2007) 152

3   Cal. App. 4th 954, 960.  Rescission and cancellation (or "voiding") are thus

4   different remedies with different grounds and factors for consideration.  By seeking

5   to prospectively void the policy beginning at a certain date (and – notably – not

6   offering to return the premiums paid on the Policy, with interest), the remedy

7   Plaintiff seeks is more akin to cancellation than rescission.

8       6.      Unless specifically allowed by the Policy, or otherwise authorized by

9   statute, an insurer has no right to simply cancel a policy.  "[I]nsurance contracts can

10  generally be cancelled only pursuant to their terms or by mutual consent." *Spott*

11  *Electrical Co. v. Industrial Indem. Co.* (1973) 30 Cal.App.3d 797, 806.  Here,

12  Plaintiffs have specifically agreed to make this policy non-cancellable, or

13  "guaranteed renewable," in the terminology of the insurance industry.  TE 301 at p.

14  301-01: ["This policy is guaranteed renewable for life . . . We cannot refuse to

15  renew this policy *or place any restrictions on it* if the premium is paid on time."

16  (emphasis added)].

17      7.      Furthermore, Plaintiff cannot rely on a fraud clause to justify

18  cancellation, because none exists in this policy, and Plaintiffs have not attempted to

19  argue that one exists.  Construing the policy so as "to give protection to the

20  insured," the proper legal conclusion is to assume Plaintiff considered and rejected

21  a fraud-cancellation clause. *Sampson v. Century Indem. Co.* (1937) 8 Cal. 2d 476,

22  478.

23      8.      In the absence of such a clause, Plaintiff cannot present a factual basis

24  justifying cancellation, particularly cancellation of Mrs. Dallal's policy.  Plaintiff

25  agreed to make the policy "guaranteed renewable for life," and chose not to include

26  a fraud clause.  Having made these choices, Plaintiff cannot now cobble together a

27  unique legal principle that ignores its own guarantee and creates a fraud-

28  cancellation clause where none exists.

9.     Thus, to prevail on the Third Cause of Action, Plaintiff must present evidence establishing one of the four conditions for policy termination.  Those conditions are:

- Payment of the maximum amount pursuant to the Policy's payment schedule;

- Non-payment of the policy premium;

- A request by the insured to cancel the policy; or

- The death of the insureds.  TE 301 at 301-10 and 301-16.

Because Plaintiff refers to no such evidence, Plaintiff must be denied judgment.

### 1.     The remedy Plaintiff seeks is not available under Cal. Code of Civil Procedure § 3412

10.     Plaintiff's attempts to fashion an equitable remedy are unavailing.  Plaintiff first proposes the cancellation of an "instrument" is an equitable remedy authorized by Code of Civil Procedure § 3412.  *See* Dkt. No. 189-1, Plaintiff's Findings of Fact and Conclusions of Law, at ¶ 191.  But longstanding authority establishes that equity will not cancel an instrument when there is a clear remedy at law.  *See, e.g.*, *Lewis v. Tobias* (1858) 10 Cal. 574, 575.  Here, there is a clear remedy at law, and Plaintiff has availed itself of that remedy to great effect.

11.     That Section 3412 relates to *rescission* and not a going-forward cancellation is shown by more than a century of cases analyzing the statute, which discuss Section 3412 in the context of pre-formation fraud or inability to contract (usually in a real estate context).  *See, e.g., Upton v. Archer* (1871) 41 Cal. 85 (deed void from its inception for lack of agent's authority to contract); *Moore v. Moore* (1880) 56 Cal. 89 (conveyance can be set aside due to "great weakness of mind" in the person executing the conveyance of land, when the consideration is grossly inadequate); *Compass Bank v. Petersen*, 886 F.Supp.2d 1186 (C.D. Cal. 2012) (borrowers' mortgage and real estate companies had no authority to issue a

1   reconveyance of deed of trust); *Shaffer v. Security Trust & Savings Bank* (1935) 4
2   Cal.App.2d 707 (cancellation of an instrument from its formation based on "mental
3   weakness," inadequacy of consideration, undue influence, or a mistaken impression
4   as to nature and effect of the instrument).

5         12.     Further, courts can and do *refuse* to cancel instruments even when
6   defendant has committed fraud, when plaintiff cannot establish the fraud rendered
7   the instrument invalid from its inception.  *See, e.g.*, *Johnson v. PNC Mortgage*, 80
8   F.Supp.3d 980 (N.D. Cal. 2015); *Saterbak v. JPMorgan Chase Bank, N.A.* (2016)
9   245 Cal.App.4th 808; *M.F. Farming Co. v. Couch Distributing Co., Inc*. (2012) 207
10  Cal.App.4th 180.

11        13.     Plaintiff seeks support in *U.S. Bank National Assn. v. Naifeh* ("*Naifeh*"),
12  claiming it stands for the proposition that "documents can be voided based on
13  fraud."  Dkt. No. 189-1 at ¶ 191, citing *Naifeh* at p. 778.  But *Naifeh* does not allow
14  voiding or cancelling an instrument in the absence of a fraud-cancellation clause.
15  Instead, the remedy sought in *Naifeh* was *rescission*, not cancellation going
16  forward, based on the fact the documents at issue were themselves fraudulent at
17  their creation.  *Naifeh* at 778-789 and 786-787.  *Naifeh* thus does not speak to the
18  question of whether a going-forward cancellation is even available to Plaintiff
19  under the circumstances.

20        14.     Plaintiff points to *Corrigan v. Stiltz* for the proposition that "[t]he
21  remedy of cancellation of instruments is equitable . . ."  Dkt. No. 189-1 at ¶ 102
22  (quoting *Corrigan v. Stiltz* (1965) 233 Cal.App.2d 381, 387).  But *Corrigan* is
23  about the applicability of the affirmative defense of laches, and in more than fifty
24  years since the decision, it has been referenced only eight times in citable cases, and
25  then only for its holdings regarding the timeliness of suit or of objections — never
26  for any proposition regarding the equitable remedy of cancellation of instruments.
27  *See, Yakov v. Bd. of Med. Examiners* (1968) 68 Cal. 2d 67, 71; *Seeley v. Combs*
28  (1966) 65 Cal. 2d 127, 137; *Choi v. Sagemark Consulting* (2017) 18 Cal. App. 5th

308, 322; *In re Marriage of Dancy* (2000) 82 Cal. App. 4th 1142, 1158–59; *City etc. of San Francisco v. City Inv. Corp.* (1971) 15 Cal. App. 3d 1031, 1040; *Rouse v. Underwood* (1966) 242 Cal. App. 2d 316, 328; *Twomey v. Mitchum, Jones & Templeton, Inc.* (1968) 262 Cal. App. 2d 690, 724.  At most, *Corrigan* is an outlier.

          2.     <u>Plaintiff misconstrues its burden based on its own cited authority</u>

15.     Plaintiff asserts all it must do to prevail on the present cause of action is establish: "(1) the instrument is void or voidable due to, for example, fraud; and (2) there is a reasonable apprehension of serious injury including pecuniary loss or the prejudicial alteration of one's position."  Dkt. No. 189-1 at ¶ 193 (citing *Naifeh* at 778, and *Turner v. Turner* (1959) 167 Cal.App.2d 636, 641.  But Plaintiff misconstrues its burden, as shown by its own cited cases.

16.     In *Naifeh*, the "instruments" were "voidable" because they were fraudulently created, "in that appellants did not have the authority they claimed to execute and record the documents."  *Naifeh* at 778.  The plaintiff established prejudice and pecuniary loss by showing an *imminent* and definable threat to its interests of the fraudulent documents were not cancelled:

> The fraudulent documents that appellants recorded
> prejudiced respondent, since the documents they
> recorded before the trustee's sale affected the amounts
> recovered on the Loan, and the documents they recorded
> after the trustee's sale deprived respondent of clear title
> to the Property. *Id.* at 779.

17.     In *Turner v. Turner,* a father sought to annul his son's marriage on the basis that the young woman in question fraudulently represented she was pregnant, and Turner *fils* was the father.  *Turner*, *supra*, 167 Cal. App. 2d at 638–39.  The "instrument" to be cancelled was the marriage itself.  As in *Naifeh*, the plaintiff sought to cancel the instrument (the marriage) from the outset, as if it had never

happened, and it was "voidable" because the consent to the marriage was gained by fraud. *Id.* at 641. "Since the consent to the marriage was obtained by fraud, the marriage is voidable." *Id.* And as in *Naifeh*, the prejudice was real and immediate:

> That plaintiff altered his position to his prejudice by
> giving his consent to the marriage is patent. The purpose
> of a statute providing that a marriage license shall not be
> issued to a person under age without the consent of a
> parent is to permit the parent to exercise control and
> discipline over a child until marriage and to that end
> prevent him, if possible, from contracting an ill-advised
> marriage.  *Id.* at 642.

18.     Here, even if Plaintiff's assessment of the elements were correct, the facts Plaintiff cites do not support a judgment in its favor.  Plaintiff claims it meets both requirements because (a) defendant's fraud, which was purportedly "continuous, intentional, and ripe to be repeated," and (b) the possibility of further fraud.  (Ex. No. 189-1 at ¶ 194.)  Even if *Naifeh* or *Turner* were an appropriate standard to apply, these conclusory assertions fall far short of the specificity set forth in those cases.

19.     Plaintiff fails to even establish the contract at issue is voidable.  As shown above, the absence of a fraud-cancellation clause, coupled with the "guaranteed renewable" clause, means the contract is not voidable for fraud. Furthermore, even if the contract were voidable, Plaintiff fails to present evidence of a specific threatened harm.  In *Naifeh* and *Turner*, the very continued existence of the instruments were definable threats to the plaintiffs in those cases.  Here, Plaintiff simply asserts a past wrong is likely to repeat.  It is not the instrument itself that is the threat, but Plaintiff's perception about the character of the other party to the contract.  It is a conclusory assumption, not evidence of an impending harm.

**[PROPOSED] CONCLUSIONS OF LAW**

20.     Finally, even if Plaintiff's bare assertions were sufficient – and they are not – those assertions would only be relevant to the Mr. Dallal's insurance contract. As shown above, the contracts for Mr. and Mrs. Dallal are separate and distinct agreements, and to cancel Mrs. Dallal's insurance, Plaintiff would have to show fraud specifically material to *her* coverage, and show an immediate threat of harm related to *her* requests for benefits.  *Coca Cola Bottling Co. of San Diego, supra* 11 Cal.App.4th at 1188-1189; H. Walter Croskey, *et al.*, *California Practice Guide: Insurance Litigation*, § 5:152 (Aug. 2017).  Plaintiff does not do this, and as a result cannot justify judgment in its favor regarding Mrs. Dallal's continued rights.

### 3.     The remedy Plaintiff seeks is not available under Cal. Civil Code § 1689

21.     Plaintiff next turns to California Civil Code § 1689 for the proposition that contracts may be rescinded if they are harmful to the public interest, or if the "contract is unlawful for causes which do not appear in its terms or conditions." Dkt. No. 189-1 at ¶ 195.  But this statute is not relevant to the matter at hand.  In the first place, the statute is specific to rescinding a contract, not voiding it.  Further, the question is not – as Plaintiff would have it – how the public interest is "best served." *Id.*  Rather, it is whether there is a specific identifiable illegality or harm to the public by letting the contract continue.

22.     For example, in 1920, a lease requiring defendant to cohabit with plaintiff as though they were married – although they were not married – was set aside as against the public interest, being founded on illegal consideration.  *Glos v. McBride* (1920) 47 Cal. App. 688, 689–91.  Here, there is no illegal consideration and no harm to the public interest in enforcing a valid, legal contract supported by valid consideration and consistent payments.  Plaintiff's arguments are no substitute for identifiable facts showing an immediate danger of harm, fraud in the formation of the contract, or some circumstance rendering the contract itself illegal.

4.      The remedy Plaintiff seeks is not available under Cal. Insurance Code § 359

23.     Plaintiff next argues California Insurance Code § 359 "requires the voiding of an insurance policy based on an insured's misrepresentations." (Dkt. No. 189-1 at ¶ 196.)  But as this Court made clear in its ruling on Plaintiff's motion for summary judgment, Section 359 relates to rescission, not a going-forward cancellation or voiding of the contract.  Dkt. No. 89 at p. 14.  "If a representation is false in a material point, whether affirmative or promissory, ***the injured party is entitled to rescind*** the contract from the time the representation becomes false."  Cal. Ins. Code § 359 (emphasis added).

24.     Section 359 authorizes rescission (not prospective cancellation) because it relates to representations made *before* the formation of the contract.  At the outset of the Insurance Code chapter in which Section 359 appears, another statute provides that a misrepresentation for purposes of that entire chapter "may be made ***at the time of, or before***, issuance of policy."  Cal. Ins. Code § 351 (emphasis added).  Another statute in the same chapter states: "[t]he provisions of this chapter apply as well to a modification of a contract of insurance as to its original formation."  Cal. Ins. Code § 361.

25.     Thus, Section 359 authorizes *rescission* (not prospective cancellation) based on fraud or misrepresentations made before the initial formation of the insurance contract, or else before (and presumably relating to) a modification of that contract.  There are no other circumstances where Section 359 applies.

26.     Plaintiff attempts to discredit the application of Sections 351 and 361 as restricting Section 359, arguing "Section titles and headings are not part of the statute itself and are not determinative."  Dkt. No. 189-1 at ¶ 201.  But Sections 351 and 361 are not "titles" or "headings" — they are actual statutes, and on their face they govern the interpretation of all other statutes within the same chapter.

**[PROPOSED] CONCLUSIONS OF LAW**

27.     To support its novel reading of Section 359, Plaintiff relies on *Twin City Fire Ins. Co. v. Mitsubishi Motor Credit of Am., Inc*., 2006 WL 5164189 (C.D. Cal. Aug. 15, 2006).  (Dkt. No. 189-1 at ¶¶ 199-200.)  But even if that case were not an extreme outlier (and it is), the policy at issue in that case contained a provision specifically allowing the plaintiff to prospectively void the policy on the basis of fraud.  *Twin City Fire Ins. Co., supra,* 2006 WL 5164189 at *11-12.  As discussed above, and as Plaintiff implicitly concedes, no such provision exists in the Policy covering Alex and Claire Dallal.

28.     Further, the court in *Twin City* specifically *denied* Twin City's motion for summary judgment on this issue, even in the face of a fraud provision, and *granted* defendant Mitsubishi's motion for summary judgment, concluding Mitsubishi's purported breaches of the policy were not "material" or "so dominant or pervasive as in any real or substantial measure to frustrate the purpose of the undertaking. [Citations omitted.]" *Id.* at *13.  The court's conclusions regarding Section 359 were entirely immaterial to the outcome of that case.  Also notably, the court in *Twin City*, (or the court in Plaintiff's other case, *American General Life & Accident Insurance Company v. Findley,* 2013 WL 1120662 (C.D. Cal. Mar. 15, 2013)), did not consider or analyze Section 359 in the context of Insurance Code Sections 351 and 361.

29.     Even if *Twin City* were determinative, Plaintiff has not presented any facts justifying rescission of the Policy as it relates to Claire Dallal.  As noted above, even the *Twin City* court recognized the claimed misrepresentations must be "material" to the Policy.  *Twin City Fire Ins. Co., supra,* 2006 WL 5164189 at *13. Plaintiff cannot establish that misrepresentations regarding Alex Dallal's claims are material to Claire Dallal's rights and protections under the Policy.

///

///

**[PROPOSED] CONCLUSIONS OF LAW**

Case 2:16-cv-09307-MWF-E   Document 193   Filed 09/10/18   Page 17 of 23   Page ID #:6582

5.      <u>Plaintiff's cited case law does not support cancellation of Claire Dallal's policy</u>

30.     Plaintiff argues a co-insured's coverage may be voided if he or she is not innocent of the fraud.  Dkt. No. 189-1 at ¶ 204.  But the cases Plaintiff cites do not support its contention.  In *Watts v. Farmers Ins. Exchange*, the policy at issue had a fraud-cancellation provision.  *Watts v. Farmers Ins. Exch.* (2002) 98 Cal. App. 4th 1246, 1248.  Furthermore, the court in *Watts* ruled the co-defendant husband would be able to recover under the policy.  *Id.*

31.     In *Essex v. Hartford Fire Ins. Co.*, the policy also had a fraud provision, which the court relied on to justify finding in favor of the insurer.  *Essex Ins. Co. v. Hartford Fire Ins. Co.*, 2013 WL 3389549, at *7 (C.D. Cal. July 8, 2013).  More importantly, the *Essex* court specifically noted its decision in favor of the insurer was based on the fact that "Essex is not a coinsured on the Policy."  *Id.* at *9.  Here, of course, Claire Dallal is a coinsured on the Policy.  Thus, neither Watts nor Essex stand for the proposition that an insured may find her policy voided based on fraud relating only to claims regarding her co-insured.  Whatever Claire Dallal's role in the claims submitted on her husband's portion of the Policy, Plaintiff has not established a material relationship to any alleged fraud relating to Claire Dallal's portion of the Policy.  In the absence of a fraud provision, and in the context of a noncancelable Policy, such a failure is fatal to Plaintiff's case.

## C.     *Conclusions of Law: Plaintiff's Third Claim For Relief*

32.     Based on the foregoing, the Court makes the following conclusions of law regarding Plaintiff's Third Claim for Relief:

- As a matter of law, the Policy encompasses two policies, one providing benefits to Alex Dallal and the other providing benefits to Claire Dallal;

The Law Offices of
Collin Seals

- 11 -

**[PROPOSED] CONCLUSIONS OF LAW**

- Plaintiffs fail to establish any purported misrepresentations regarding claims on Alex Dallal's portion of the Policy were "material" to that portion of the Policy providing benefits to Claire Dallal;

- Plaintiff issued a "guaranteed renewable policy" without any provision allowing Plaintiff to void the Policy in the event of fraud, and has not directed the Court to any facts or authority requiring or even allowing the Court to override the clear intent of the parties with respect to the Policy; and

- Plaintiff's claim is barred by the applicable statute of limitations (*see discussion below*, ¶¶ 38-48); and therefore

- Defendant[s] (1) Claire Dallal [and/or] (2) Alex Dallal prevail against Plaintiff's Third Claim for Relief, and judgment is rendered accordingly.

## II.   PLAINTIFF IS NOT ENTITLED TO JUDGMENT ON ITS FIRST CLAIM FOR RELIEF

33.    Lincoln fails to meet its burden, and does not establish it is entitled to a declaration that Mr. Dallal is not entitled to any benefits from 2004 through December 2016.

### A.    *Plaintiff Misstates Defendant's Burden*

34.    Plaintiff attempts to muddy the issue by imposing an artificially high burden on Mr. Dallal, claiming Mr. Dallal must now prove his right to benefits, without citation to any authority.  Dkt. No. 189-1 at ¶ 208.  Even if Mr. Dallal bears an initial burden, it is only to show that he had a right to benefits under the Policy, or – at most – that the claims themselves, on their face, entitle him to benefits under the policy.

**[PROPOSED] CONCLUSIONS OF LAW**

1

2    35.    Mr. Dallal meets this burden, because each claim at issue was made was

3    for care within the scope of that contract, and Plaintiff presented no proof that the

4    claims were outside the scope of coverage.  Indeed, Plaintiff concedes the claims

5    themselves fall within the scope of coverage, as it reviewed and paid on those

6    claims.  Dkt. No. 189-1 at ¶¶ 45-46; Norman Seeman Trial Transcript ("TT")

7    1069:25-1070:7; Sarkisian TT 236:7-17; Claire Dallal TT 351:12-16; Exh. 349-01.

8

9        **B.    *Plaintiff Fails to Meet Its Own Burden***

10    36.    Therefore, to prevail on its First Claim for Relief, Plaintiff must

11    establish that Mr. Dallal could *never* be eligible for benefits under the Policy, even

12    in the case of a claim that Plaintiff would agree was truthful.  To do so, Plaintiff

13    must in effect establish that the Policy could be rescinded from the time of its

14    formation, or (in the case of future benefits) that a statute or contractual provision

15    allows Plaintiff to rescind or void the Policy as to Mr. Dallal.

16    37.    As shown above regarding its Third Claim for Relief, Plaintiff cannot

17    meet its burden, because no contractual provision or statute authorizes Plaintiff to

18    rescind the Policy, or void it going forward.  Further, Plaintiff fails to identify any

19    facts showing Mr. Dallal would have been ineligible for benefits under the Policy

20    as – for example – a Chronically Ill Individual, if such a claim were supported by

21    truthful documentation of the caregiving services received.

22    38.    Plaintiff refers to the jury verdict regarding the statute of limitations,

23    arguing that its claims should not be barred based on that determination.  Dkt. No.

24    189-1 at ¶ 212.  This reasoning is flawed.  Plaintiff is correct the jury checked the

25    line supporting Plaintiff with respect to the statute of limitations (*id.* at p. 2:20-24),

26    but the same jury did not allow Plaintiff to recover as damages the entirety of the

27    funds paid for the care of Mr. Dallal.  Indeed, the jury award is $141,935.40 *less*

28    than the amount Plaintiff paid for Mr. Dallal's care.  *Compare* Dkt. No. 172 at p. 2,

**[PROPOSED] CONCLUSIONS OF LAW**

Question 8, and TE 349 at 349-03.  In light of its other findings, the jury's refusal to grant Plaintiff the amount it demanded can only be explained by assuming the jury agreed a statute of limitations applied to at least some portion of the funds at issue.

39.     At a minimum, the jury's award of $141,935.40 less than the amount Plaintiff paid out for Alex Dallal's care indicates the jury's understanding that Alex Dallal *was in fact entitled to some benefits under the Policy*.  If he was not, the jury would have awarded Plaintiff a full reimbursement.

40.     Finally, the applicable statute of limitations in this case is three years. Cal. Code Civ. Proc. § 338(d); *Sun'n Sand, Inc. v. United California Bank* (1978) 21 Cal.3d 671, 701; *Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 808; *Kline v. Turner* (2001) 87 Cal.App.4th 1369, 1374.  Unless an exception applies, Plaintiff would not be entitled to relief for any acts or wrongs occurring more than three years before Dec. 16, 2016, the date it filed the present suit. Plaintiff contends the delayed discovery rule applies, as codified in Section 338(d):

> Within three years: (d) An action for relief on the ground of fraud or mistake…[is] not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.

41.     The delayed discovery rule tolls the statute of limitations only until the aggrieved party is informed of the fraud, or is apprised of "facts that would lead a reasonably prudent person to suspect fraud." *Doe v. Roman Catholic Bishop of Sacramento* (2010) 189 Cal.App.4th 1423, 1430; *Robuck v. Dean Witter & Co.*, 649 F.2d 641, 643 (9th Cir. 1980).  If a party acting with "reasonable diligence" could have discovered the fraud, the statute of limitations no longer tolls.  *Robuck, supra,* 649 F.2d at 643; *Lin v. Lin*, 2008 WL 4369771, at *5–6 (D. Haw. Sept. 24, 2008).

42.     When the delayed discovery rule is at issue, the Plaintiff – *not the Defendant* – bears the burden of proving he or she was not in possession of adequate facts, and/or acted with reasonable diligence upon discovering facts which

**[PROPOSED] CONCLUSIONS OF LAW**

1  would have led a person with reasonable diligence to discover the fraud. *Samuels*

2  *v. Mix* (1999) 22 Cal.4th 1, 14. Stated differently, the fraudulent concealment

3  doctrine tolls the limitations period only as long as a plaintiff's reliance on the

4  defendant's misrepresentations is reasonable. (*Grisham v. Phillip Morris U.S.A.,*

5  *Inc*. (2007) 40 Cal.4th 623, 637.) Whether reliance is reasonable is generally a

6  question of fact, but may be decided as a matter of law "if the facts permit

7  reasonable minds to come to just one conclusion." *Id*. at 637–638, quoting *Boeken*

8  *v. Philip Morris, Inc*. (2005) 127 Cal.App.4th 1640, 1666.

9        43.    At trial in the present matter, Plaintiff's testimony established that

10  Plaintiff triggered its investigation into Mr. Dallal's claims based on a physician

11  report showing an improvement in Mr. Dallal's condition. *See* Defendants'

12  concurrently-filed [Proposed] Findings of Fact at ¶ 23. Plaintiff's testimony and

13  other evidence further established Plaintiff was aware of the same or similar

14  improvements in earlier years – in particular 2009 and 2012 – but did not launch an

15  investigation. *Id.* at ¶ 24. Plaintiff also had other indicators which should have

16  prompted a reasonably diligent person to at least begin an investigation — for

17  example, Plaintiff knew since 2009 it was providing reimbursement for the care of

18  Alexander Dallal based on claims that a single caregiver was working at least 80

19  hours per week, every week of the year. *Id.* at ¶ 25; Seeman TT at 1152:13-16.

20        44.    An aggrieved party may generally rely on assurances, but it may not

21  "fall asleep." *Alfaro v. Cmty. Hous. Improvement Sys. & Planning Assn., Inc.*

22  (2009) 171 Cal. App. 4th 1356, 1394. Once presented with facts which would raise

23  a reasonably prudent person's suspicions, Plaintiff had a duty to investigate further,

24  and is "charged with knowledge of matters which would have been revealed by

25  such an investigation." *Miller v. Bechtel Corp.* (1983) 33 Cal.3d 868, 875; *see also*

26  *Rutherford v. Rideout Bank* (1938) 11 Cal.2d 479, 486.

27

28

45.     Here, Plaintiff admits Mr. Dallal's improvement in 2016 triggered its investigation, which investigation uncovered the facts ultimately leading to the present suit.  [Defendants' Proposed] Findings of Fact at ¶ 23; TE 197; Dkt. No. 189-1 at Proposed Finding of Fact No. 115; Seeman TT at 1075:2-22 and 1185:15-1186:16; Sarkisian TT at 242:19-244:23.  By launching an investigation based on this minor improvement, Plaintiff sets the bar for a "reasonably prudent" response to such an improvement.

46.     The record also demonstrates the same or similar improvement by Mr. Dallal in, at a minimum, 2009 and 2012.  [Defendants' Proposed] Findings of Fact at ¶ 24; TE 190; TE 191; Feld Depo at 76:25, 77:1-19, 92:14-25, 93:1-3, 93:21-25, 95:13-22, 101:1-25, 102:1-4, 103:20-25, 104:1-21, 147:12-25, 160:14-25, 190:1-21, 211:19-25, 212:1-4, 223:2-14, 237:19-25, 238:1-8, 273:13-22;  Seeman TT at 1167:8-1171:4.  If Plaintiff's actions in 2016 were "reasonably prudent," its failure to act when presented with the same or similar information in earlier years displays a lack of "reasonable prudence."

47.     Thus, the available evidence as presented at trial demonstrates that for years Plaintiff ignored and failed to investigate the same facts which led it to launch its investigation in 2016.  Reasonable minds can reach only one conclusion — that Plaintiff failed to act as a reasonable person when presented with improvements in Mr. Dallal's condition in 2009 and 2012.

48.     Further, Plaintiff is an insurance company, and part of its business is identifying and investigating fraud.  It writes clauses into its policies designed to aid it in the investigation and discovery of fraudulent claims, including the Policy at issue in this litigation, and even though the Policy at issue did not have a fraud cancellation clause.  TE 301 at 301-11, Part 6(H).  Plaintiff can send its own nurses and physicians to perform their own independent tests on an insured, even if no fraud is suspected.  *Id.*  Plaintiff even presented witnesses – Norman Seeman and Meg Sarkesian – whose jobs were dedicated to investigating fraud.  Yet even with

these safeguards, and even though Plaintiff regularly conducts investigations, it did not do so here, for years. This complacency in using its considerable powers and experience emphasizes the extent to which Plaintiff did not act with reasonable diligence. Consequently, Plaintiff's claims are barred by application of the statute of limitations. Cal. Code Civ. Proc. § 338(d).

### C. *Conclusions of Law: Plaintiff's First Claim for Relief*

49. Based on the foregoing, the Court makes the following conclusions of law:

- Plaintiff issued a "guaranteed renewable policy" without any provision allowing Plaintiff to void the Policy in the event of fraud, and has not directed the Court to any facts or authority requiring or even allowing the Court to override the clear intent of the parties with respect to the Policy; and
- Defendant Alex Dallal has met any burden of proof imposed on him with respect to Plaintiff's First Claim for Relief; and
- Plaintiff fails to meet its burden and establish its right to a declaratory judgment that Alex Dallal was not entitled to any benefits from 2004 through December 2016; and
- Plaintiff did not act with reasonable diligence; and therefore
- Defendant Alex Dallal prevails against Plaintiff's First Claim for Relief, and judgment is rendered accordingly.

Dated: _____, 2018

_____
HON. MICHAEL W. FITZGERALD
United States District Court Judge

**[PROPOSED] CONCLUSIONS OF LAW**