# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 16-9307-MWF (Ex) | **Date:** October 25, 2019 |
| **Title:** Lincoln Benefit Life Company -*v*- Alexander Dallal, et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:  
Rita Sanchez

Court Reporter:  
Not Reported

Attorneys Present for Plaintiff:  
None Present

Attorneys Present for Defendant:  
None Present

**Proceedings (In Chambers):** ORDER RE: PLAINTIFF LINCOLN BENEFIT LIFE COMPANY'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION [195]

Before the Court is Plaintiff Lincoln Benefit Life Company's ("LBLC") Motion for a Temporary Restraining Order and Order to Show Cause re a Preliminary Injunction, filed on September 23, 2019 ("Motion"). (Docket No. 195). Defendants Alexander Dallal and Claire Dallal filed an opposition to the Motion on September 30, 2019. (Docket No. 196). LBLC filed a reply on October 7, 2019. (Docket No. 199).

The Court has read and considered the parties' submissions, and held a hearing on October 21, 2019.

For the reasons discussed below, the Court **GRANTS** LBLC's Motion. Defendants must place $919,290.49 in an escrow account within 10 days. If they do not, Defendants are enjoined from (1) further transferring or encumbering the five properties at issue; (2) transferring or encumbering any ownership interest in any of the LLCs that hold title to the five properties at issue; or (3) further accessing or dispersing any funds from any loans or lines of credit secured by the five properties at issue. As stated at the hearing, the Order will be mooted by the Court's issuance of the final judgment against Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 16-9307-MWF (Ex)                    Date:  October 25, 2019
Title:     Lincoln Benefit Life Company -*v*- Alexander Dallal, et al.

I. **PROCEDURAL BACKGROUND**

For the purposes of this Order, the Court will only focus on the factual allegations relevant to this dispute.

In August 2018, LBLC obtained a jury verdict of $919,290.49 in fraud and punitive damages against Defendants. (Motion at 2). LBLC alleged that Defendants had engaged in rampant long-term-care insurance fraud, and the jury ruled in favor of LBLC. (*Id*). The final judgment has not yet issued. In the meantime, LBLC claims that Defendants have been transferring real estate assets and taking other actions in order to become judgment proof. (*Id*.). Specifically, Plaintiffs allege that Defendants "executed quitclaim deeds, transferred property to their children, and set up four different LLCs to hold their real estate assets." (*Id*. at 1). Plaintiffs also allege that Defendants "took out nearly $1 million in lines of credit, depleting the equity in their properties" which were "part of their $4 million net worth at trial, which formed the basis for the punitive damages verdict." (*Id*.).

Specifically, LBLC asserts that Defendants have transferred their assets, including five properties (the "Properties"), into newly formed LLCs. (*Id*. at 14). Additionally, LBLC alleges that Defendants have taken out loans on the Properties amounting close to $1 million, diminishing the Properties' values. (*Id*. at 14-15). Further, LBLC asserts that Defendants issued 10 quitclaim deeds for transfers of their Properties into and out of trusts, into and out of the LLCs they formed, and as gifts to their children for little to no consideration. (*Id*. at 15).

Defendants do not dispute the facts as outlined by LBLC in terms of what Defendants have done with the Properties and their other asserts. Instead, Defendants dispute the inferences LBLC attempts to draw from that activity. Specifically, Defendants argue that they are "elderly individuals with ongoing health concerns" who are "facing their own mortality." (Opposition at 3). Defendants characterize the actions they have been taking with their assets as "simply to properly organize the estate and secure better terms on existing loans, access the equity of the properties to cover maintenance and related expenses, cover medical and other living expenses

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-9307-MWF (Ex)                    Date:  October 25, 2019
Title:     Lincoln Benefit Life Company -v- Alexander Dallal, et al.

(including legal fees), prepare for the judgment in this case, and to provide for their children."  (*Id*. at 3-4) (citing Declaration of Claire Dallal ¶ 12).

## II.     **REQUEST FOR JUDICIAL NOTICE**

In conjunction with their Motion, LBLC requests that the Court take judicial notice of various deeds related to Defendants' properties.  (*See* Request for Judicial Notice, Docket No. 195-1 ("RJN")).  Defendants did not file an opposition or response to the RJN.  The Court may take judicial notice of matters of public record, including public deeds.  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005) ("Unimpeached and certified copies of deeds have been widely held proper subjects of judicial notice.").

Defendants do not oppose the RJN, nor do they dispute any of the facts LBLC asks the Court to take judicial notice of.

Accordingly, the RJN is **GRANTED**.

## III.    **DISCUSSION**

Federal Rule of Civil Procedure 65 governs the issuance of temporary restraining orders and preliminary injunctions, and courts apply the same standards to both.  *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  A plaintiff seeking injunctive relief must show that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his favor; and (4) an injunction is in the public interest.  *Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7 (2008)).

A plaintiff must "make a showing on all four prongs."  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  The Ninth Circuit employs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 16-9307-MWF (Ex)                    Date: October 25, 2019
Title:      Lincoln Benefit Life Company -*v*- Alexander Dallal, et al.

the "serious questions" version of the "sliding scale" approach when applying the four-element *Winter* test. *Id.* at 1134. "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

As for the type of relief requested here, neither party disputes that the Court has authority to issue injunctive relief in order to ensure a party is not shifting assets to avoid judgment. *See In re Estate of Ferdinand Marcos, Human Rights Litig.* 25 F.3d 1467, 1480 (9th Cir. 1994) ("[A] district court has authority to issue a preliminary injunction where the plaintiffs can establish that money damages will be an inadequate remedy due to impending insolvency of the defendant or that defendant has engaged in a pattern of secreting or dissipating assets to avoid judgment"); *American Chemical Society v. Commax Techs., Inc.*, No. C 06-04414 JW, 2009 WL 10692025, at *4 (N.D. Cal. May 15, 2009) (granting preliminary injunction to prevent transfer of real property asset).

The Court concludes that Plaintiff has met its showing on all four prongs.

### A. Likelihood of Success on the Merits

LBLC first argues that it can show more than just a "likelihood" of success on the merits, instead arguing that by already prevailing at trial, success "has already happened." (Motion at 20). Accordingly, LBLC argues that there is "no question" that it "satisfies the first element for injunctive relief." (*Id.*). Defendants do not dispute this point. Accordingly, the Court determines that Defendants have conceded this point. *See* L.R. 7-12.

### B. Irreparable Harm

LBLC next argues that it has demonstrated a possibility of irreparable harm if the injunctive relief it seeks is denied. (Motion at 20). LBLC cites to case law where courts have found irreparable harm demonstrated "when there is a danger that a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 16-9307-MWF (Ex)                  Date: October 25, 2019
Title:     Lincoln Benefit Life Company -v- Alexander Dallal, et al.

defendant is judgment proof or insolvent." (*Id.*) (citing *Hendricks v. Bank of Am., N.A.*, 408 F.3d 1127, 1141 (9th Cir. 2005); *In re Estate of Ferdinand Marcos, Human Rights Litig.* 25 F.3d 1467, 1480 (9th Cir. 1994)). LBLC points to the Defendants' history of fraud, as confirmed by the jury verdict against Defendants, and argue that Defendants' "actions make it clear that absent this Court's issuance of an injunction, they will attempt to further render themselves judgment-proof and deny [LBLC] any rightful recovery on its claims." (*Id.* at 21). At the hearing, LBLC reiterated its arguments regarding irreparable harm.

In opposition, Defendants argue that despite LBLC's arguments that Defendants are attempting to "render themselves 'judgment proof,'" LBLC "does not attempt to argue that the [Defendants] are currently judgment proof – only that they might become so in the hypothetical future." (Opposition at 5-6). Defendants argue that the evidence actually indicates that they are not trying to become judgment proof, because (1) the loans taken on the Properties were just loan consolidations; (2) a majority of the alleged illicit transactions occurred in 2018; and (3) Defendants have gone months without making any transactions. (*Id.* at 6-7). Defendants argue that this timing implies that Defendants are not acting illicitly, because Defendants would have presumably continued to act if their goal was to avoid judgment. (*Id.*). Finally, Defendants argue that LBLC's cases are distinguishable, as they only arose in "extraordinary circumstances." (*Id.* at 8-9). At the hearing, Defendants reiterated their arguments regarding irreparable harm, emphasizing that LBLC failed to meet its burden of demonstrating that Defendants' inability to pay is imminent.

At the hearing, the parties reiterated these arguments.

The Court agrees with LBLC, to an extent. The parties seem to agree that if a party is moving assets to avoid judgment, the other party can demonstrate irreparable harm. The only dispute here, then, is whether Defendants' actions are to ***avoid judgment***, or whether Defendants' actions are explained by ***neutral motives***, like engaging in normal estate planning activities. This is key, because Defendants are correct that the cases cited by LBLC are not necessarily on point. For example, in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-9307-MWF (Ex)                    Date:  October 25, 2019
Title:    Lincoln Benefit Life Company -*v*- Alexander Dallal, et al.

*Hendricks*, the Ninth Circuit relied on the fact that the Defendant "conceded in its public statements and its filings that it [was] insolvent" in determining there was irreparable harm.  408 F.3d at 1141.  Similarly, in *Marcos*, the Ninth Circuit determined there was "substantial danger that the defendants would transfer or conceal its funds" only because (1) other plaintiffs had been unable to execute judgment against the same defendants, and (2) federal courts have twice enjoined Defendants from transferring or secreting assets "based on a pattern and practice of secreting assets through foreign bank accounts by the use of aliases and shell corporations."  25 F.3d at 1480.  Those concerns are not present here.

That being said, the Court determines that Defendants' motives are not necessarily pure here.  LBLC cites to the "badges of fraud" factors which courts consider to infer fraudulent intent, and correctly notes that many of those factors are present here, including the lack of consideration for the transfers and the timing of the transfers.  (Reply at 6-7).  As LBLC points out, if Defendants were purely engaging in estate planning, we would expect to see similar transactions prior to a judgment being entered against Defendants, and no such actions are apparent here.  And LBLC notes that based on the Defendants' stated net worth at trial, and the actions taken by Defendants post-trial, Defendants may not currently be capable of satisfying the judgment.  (*Id*. at 8).  This, taken with the Defendants' rampant fraud as confirmed at trial and the fact that Defendants have not stated that they currently *are* able to satisfy the judgment, tips this factor in LBLC's favor.  (*Id*. at 9).  That being said, as stated at the hearing, the Court is not making any kind of finding or drawing any kind of conclusion regarding Defendants' past actions.

## C. Balance of Hardships and Public Interests

LBLC next argues that the balance of equities and public interest supports its position for two reasons.  First, LBLC argues that the balance of equities is in its favor because Defendants "engaged in fraud and are facing an impending judgment for fraud and punitive damages."  (Motion at 22).  Second, LBLC argues that public policy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-9307-MWF (Ex)                    Date:  October 25, 2019
Title:    Lincoln Benefit Life Company -v- Alexander Dallal, et al.

"favors the enforceability of judgments, especially when the jury finds the defendant liable for malice, oppression and fraud." (*Id*.).

In opposition, Defendants rebut both of LBLC's points, arguing again that their actions were benign. (Opposition at 10). Defendants also argue that the Court "must take into account" the Defendants' business, health, and their ability to satisfy a judgment. (*Id*.). Defendants argue that they need to keep their business and properties viable in order to satisfy the judgment and other ongoing financial obligations. (*Id*. at 10-11). Accordingly, Defendants argue that LBLC "should not be allowed to use the courts to inflict additional punishment on the [Defendants] and possibly force them into drastic choices regarding life-saving medical care, or the loss of their business." (*Id*. at 11). Defendants posit that "[p]ublic policy does not – or should not – favor the imposition of additional punishments when the trier of fact has already spoken." (*Id*.).

The Court agrees with LBLC. The balance of equities is in LBLC's favor, considering that a jury returned a verdict for fraud against Defendants. To be clear, LBLC is not punishing Defendants, it is simply ensuring that Defendants are able to satisfy the judgment against them. And the Court agrees that public policy favors the enforcement of judgments, and the considerations raised by Defendants do not outweigh those considerations. Accordingly, the Court determines that all four factors are in LBLC's favor.

### D. Defendants' Alternative Remedy Requested

Finally, Defendants argue that the Court does not need to "grant all relief the Plaintiff seeks, and can modify its injunctive decree as needed for the particular case presented." (Opposition at 11-12) (citing *Smith v. Pathway Fin. Mgmt., Inc.*, 2012 WL 12883909, at *2 (C.D. Cal. Nov. 19, 2012)). Defendants argue that LBLC's requested order "poses very real risks to the [Defendants]" which suggests "that a much more limited order could address whatever legitimate concerns Plaintiff has." (*Id*.). As a result, Defendants propose an order which would require a 10-day notice period to LBLC prior to Defendants "taking any action [LBLC] seeks to enjoin." (*Id*.). This would allow LBLC "ample time to prevent any truly illegitimate transfers while also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-9307-MWF (Ex)                    Date:  October 25, 2019
Title:     Lincoln Benefit Life Company -v- Alexander Dallal, et al.

allowing [Defendants] the ability to organize their estate in the manner they see fit, meet their obligations, and pay for medical care." (*Id.*).

In response, LBLC argues that Defendants' proposal "is unworkable" and that LBLC "should not be forced to run into Court upon notice of each such transfer in order to stop it and have the Court make a ruling on an ex parte basis within 10 days." (Reply at 12). Based on the factual record here, LBLC argues that "the onus should be on the [Defendants] to prove an exigent circumstance if they later wish to seek an exception to the injunction via a motion to seek relief from the injunction for a proven, specified purpose." (*Id.*).

The Court agrees with Defendants that alternate relief may be justified here, but agrees with LBLC that Defendants' proposal is unworkable. Accordingly, the Court will craft an order which gives Defendants an option to place the amount of the judgment in an escrow account. That way LBLC can be sure Defendants can satisfy a judgment, and Defendants will not be restricted in their financial transactions. If Defendants fail to do this, the Court will grant LBLC the relief it is seeking.

## IV.    **CONCLUSION AND BOND**

In sum, the Court concludes that all four factors—likelihood of success on the merits, irreparable harm, balance of hardships, and public interest—support granting a preliminary injunction to protect LBLC's judgment against Defendants. Therefore, the Motion is **GRANTED**, and Defendants are ordered to place $919,290.49 in an escrow account by **November 4, 2019**, in the unlikely event that a final judgment has not been issued by that date which would moot this order. If Defendants fail to do this, Defendants will be enjoined from further transferring or encumbering the Properties; transferring or encumbering any ownership interest in any of the LLCs that hold title to the Properties, or from further accessing or dispersing any funds from any loans or lines of credit secured by the Properties.

The Order will remain in effect until the Court issues its final judgment, at which time this Order shall be moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 16-9307-MWF (Ex) | **Date:** October 25, 2019 |
| **Title:** Lincoln Benefit Life Company -v- Alexander Dallal, et al. | |

    Federal Rule of Civil Procedure 65 provides that the Court "may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined." Fed. R. Civ. P. 65(c). LBLC requests that the Court should not require a bond, citing *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003). (Motion at 22). Defendants do not respond to this contention.

    "The district court may dispense with the filing of the bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen*, 320 F.3d at 919. Because there is no possible harm to be felt by Defendants, LBLC need not post any bond.

    The Preliminary Injunction shall be issued separately.

    IT IS SO ORDERED.